## Benjamin Wilber v. Gerry Goodrich.

*Estoppel: Execution sale: Bidding.* Attending and bidding at an execu-
tion sale, as of the property of a third person, will estop such bidder
from setting up title in himself to the property sold, as against a pur-
chaser whom he by his acts has induced to believe that he made no
claim of title.
*Evidence: Transcript: Judgment.* A transcript from a justice's docket which
is not certified as a transcript may be proved by the oath of the justice;
but where neither certified nor otherwise proved it is not admissible in
evidence to prove the judgment.

*Submitted on briefs April 13.      Decided April 20.*

Error to Lapeer Circuit.

*Gaskill & Geer*, for plaintiff in error.

*W. W. Stickney*, for defendant in error.

CAMPBELL, J:

Wilber sued in trover for the conversion of certain logs. The defense was, that they were his son's property and purchased at execution sale by Harvey Goodrich, under whom defendant claims. There was no evidence of the son's title except that Benjamin Wilber was a bidder at the execution sale, and was claimed by his conduct to have become estopped from denying that title.

The judgment was proved by what was set up as a transcript from the docket of John Stevenson. It is not certified as a transcript by either Stevenson or any one else purporting to be a justice or to hold his docket. In the absence of such a certificate it could have been proved by the oath of Stevenson; but although he was sworn, he was not called on to prove the judgment.—See *C. L.*, § *5489–90*.

The entry contains enough to show a valid judgment on issue joined and trial between parties who appeared in court. It further appeared that the suit was an attachment proceeding and seemingly regular, but this was of no importance to sustain the judgment. The files were properly proved by secondary evidence, and except for the informality in the transcript there appears no defect in the proofs.

The question of estoppel was fairly submitted to the jury. If Wilber attended and bid at the sale, and induced Goodrich to act on the supposition that he made no claim of title, that would be proper evidence against him.

We regret that the formal slip requires us to reverse the judgment, with costs, and order a new trial.

The other Justices concurred.