STATE SAVINGS BANK OF DETROIT v. MATTHEWS.

1. MORTGAGES — FORECLOSURE — REDEMPTION — AMENDED LAW — OBLIGATION OF CONTRACTS—IMPAIRMENT.

> Act No. 200, Pub. Acts 1899, which amends the mortgage foreclosure law so as to authorize the circuit judge to decree a sale of the land after the lapse of six months (instead of one year, as theretofore provided) from the filing of the bill to foreclose, and allows the mortgagor six months in which to redeem, affects the remedy only, and makes no change which amounts to an impairment of the obligation of existing contracts.

2. SAME—PENDING PROCEEDINGS.

> Foreclosure decrees entered after the amendatory law became operative should conform to the provisions of the amendment, even though the suits in which they are rendered were commenced before the amendment took effect.

Appeal from Wayne; Frazer, J.   Submitted January 3, 1900.   Decided February 20, 1900.

Bill by the State Savings Bank of Detroit against James N. Matthews, Jessie W. Radcliffe, and others, to foreclose a mortgage.   A decree of foreclosure was rendered, and the request of defendant Radcliffe that it be entered under

the provisions of Act No. 200, Pub. Acts 1899, being
denied, she appeals.  Reversed.

*Walker & Spalding,* for complainant.

*James T. Keena,* for appellant.

MOORE, J.  This is an appeal of a second mortgagee in
possession from a decree of foreclosure of a real-estate
mortgage authorizing a sale one month after decree en-
tered, and providing that there shall be no redemption
from such sale.  The appellant appeared in the court
below, and asked that a decree be entered providing for
redemption according to the terms of Act No. 200 of the
Public Acts of 1899.  The sole questions are on the con-
stitutionality and applicability of that act.  The mortgage
foreclosed was made in February, 1897, the bill of com-
plaint was filed February 5, 1898, and the decree was
entered November 23, 1899.  It is contended that the law,
as amended, should not control the proceedings in this
case:

*First.*  Because, the mortgage having been executed
before the passage of the amendment, which amendment,
by its terms, materially changes the rights and remedies
of the mortgagee, the act, as to such mortgage, would be
unconstitutional, as impairing the obligation of contracts.

*Second.*  Because, even if the act can be construed as
affecting prior mortgages, it should not be construed to
affect proceedings instituted before the act took effect, and
the proceedings in this cause must, therefore, be governed
by the old law.

*Third.*  Because it is clear, by the reading of the
amended law, that it was intended to apply only to fore-
closure proceedings instituted in the future, and not to
proceedings pending at the time the law went into effect.

It is said the statute in force at the execution of the
mortgage must govern, and Act No. 200 of the Public
Act of 1899, as applicable to such mortgage, is uncon-
stitutional, as impairing the obligation of contracts; cit-
ing *Stevens* v. *Brown,* Walk. Ch. 41; *Mundy* v. *Mon-*

*roe*, 1 Mich. 68; *Cargill* v. *Power*, Id. 369.; *Blackwood*
v. *Van Vleet*, 11 Mich. 252; *Newton* v. *McKay*, 30 Mich.
380; and *Barnitz* v. *Beverly*, 163 U. S. 118.

2 How. Stat. § 6701, reads as follows:

"Whenever a bill shall be filed for the foreclosure or
satisfaction of a mortgage, the court shall have power to
decree a sale of the mortgaged premises, or such part
thereof as may be sufficient to discharge the amount due
on the mortgage, and the costs of suit; but the circuit judge
shall not, by such decree, order any lands to be sold within
one year after the filing of the bill of foreclosure."

The amended section reads just the same as the orig-
inal section down to the words "one year," which are
stricken out, and the words "six months" are inserted in
lieu thereof. Then comes a provision for the redemption
of the land any time within six months after the sale. Is
this such a change in the law as to impair the contract
made between the mortgagor and the mortgagee, or does
it simply relate to the remedy? Prior to the passage of
the law of 1843 (Act No. 62, Laws 1843) the title to the
land was in the mortgagee. He was entitled to its posses-
sion, and to the rents and profits accruing therefrom.
The law of 1843 took from the mortgagee the right of
possession, and did not allow him to bring ejectment until
the expiration of the right of redemption after the fore-
closure of the mortgage. Of course, this deprived him of
the use of the premises, and of the rents and profits, to
which he was entitled prior to the passage of the law.
The court, in *Mundy* v. *Monroe*, *supra*, and *Black-
wood* v. *Van Vleet*, *supra*, very properly held that this
deprived the mortgagee of a contract right, and impaired
the obligation of a contract. The same reason applies in
the case of *Barnitz* v. *Beverly*, 163 U. S. 118. Under
the law of 1844 (Act No. 40, Laws 1844) the mortgagor
had the legal right to remain in possession of the premises
two years after the foreclosure sale. This law was changed
so as to make the period of redemption run but one year.
In *Cargill* v. *Power*, 1 Mich. 369, it was held this change

in the law would not apply to existing mortgages.   It is apparent from reading the opinion that the reason of this holding was that to rule otherwise would be to deprive the mortgagor of the right of possession for one of the two years to which he was entitled under the law before it was amended.   It is hardly necessary to add that this would deprive him of a valuable right.   In *Mundy* v. *Monroe*, 1 Mich., at page 71, it is said:

"It seems to be conceded by all who have written on this subject that, where the law sought to be invalidated affects the remedy only, and does not touch the right of the party secured by the contract, it is not repugnant to that provision of the Constitution which declares that no State shall pass any law impairing the obligation of contracts."

In the case of *Sturges* v. *Crowninshield*, 4 Wheat. 200, so often referred to upon questions of this kind, the late chief justice of the United States says:

"The distinction between the obligation of a contract, and the remedy given by the legislature to enforce that obligation, has been taken at the bar, and exists in the nature of things.   Without impairing the obligation of the contract, the remedy may certainly be modified, as the wisdom of the nation shall direct."

In *Tennessee* v. *Sneed*, 96 U. S. 69, the rule is stated as follows:

"The case of *Sturges* v. *Crowninshield*, 4 Wheat. 122, is among the first of the class where the question arose upon the abolition of the right of imprisonment of the debtor as a means of compelling payment of his debt. *Mason* v. *Haile*, 12 Wheat. 370, was a case of the same class.   Mr. Justice Thompson says: 'Imprisonment of the debtor * * * may be allowed as a means of inducing him to perform his contract; but the State may refuse to inflict this punishment, * * * and leave the contract in full force.   Imprisonment is no part of the contract, and simply to release the prisoner does not impair its obligation.'   On the general subject, and for numerous illustrations, reference is made to the following cases, which it is not necessary to examine in detail: *Bronson* v. *Kinzie*, 1 How. 311; *Von Hoffman* v. *City*

*of Quincy*, 4 Wall. 535; *Bruce* v. *Schuyler*, 9 Ill. 221 (46 Am. Dec. 447),—in each of which a large number of cases is collected. If a particular form of proceeding is prohibited, and another is left or is provided which affords an effective and reasonable mode of enforcing the right, the obligation of the contract is not impaired. *Bronson* v. *Kinzie, supra; Huntzinger* v. *Brock*, 3 Grant, Cas. 243; *Evans* v. *Montgomery*, 4 Watts & S. 218; *Read* v. *Frankfort Bank*, 23 Me. 318. The rule seems to be that, in modes of proceeding and of forms to enforce the contract, the legislature has the control, and may enlarge, limit, or alter them, provided that it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the value of the right."

See, also, *Connecticut Mut. Life Ins. Co.* v. *Cushman*, 108 U. S. 51; *Morley* v. *Railway Co.*, 146 U. S. 162; *Von Baumbach* v. *Bade*, 9 Wis. 559.

If we compare the law as amended with it as it was before the amendment occurred, we will find it does not change the time of possession either of the mortgagor or of the mortgagee. It changes the form of the decree. It shortens the time after the suit is brought when sale may be made, but it adds a period of redemption after the sale which did not exist before. We do not think it can be said that there is any such material change in the relation of the mortgagor to the mortgagee, or to the rights of each, as to amount to an impairment of the obligation of contracts.

Does the statute, as amended, apply to cases already begun? They are not excepted from the terms of the act. When the amended section became operative, it took the place of the original section, and the provisions of the original section ceased to exist. This occurred before the decree was made. We think the terms of the act applied to this case, and that the decree for which the defendant prayed should have been entered.

The decree of the court below is reversed, and one will be entered here in accordance with this opinion.

The other Justices concurred.