### GILLAM *v.* FOSTER.

MORTGAGE FORECLOSURE—REDEMPTION—STATUTES—APPEAL.

| 124 | 685 |
|-----|-----|
| 125 | 29 |
| 124 | 685 |
| s83NW | 784 |

Where a decree of foreclosure was rendered in the circuit court before Act No. 200, Pub. Acts 1899, took effect, and was appealed to the Supreme Court, and decree entered in that court after the act took effect, the mortgagor was entitled to redeem within six months after the sale, as provided in that act.

*Certiorari* to Ingham; Wiest, J. Submitted October 2, 1900. Decided October 16, 1900.

*Mandamus* by George F. Gillam, trustee, to compel Charles W. Foster, circuit court commissioner of Ingham county, to issue a deed on foreclosure omitting the six-months redemption clause provided for by Act No. 200,

Pub. Acts 1899. From an order denying the writ, relator brings *certiorari*. Affirmed.

The decree of foreclosure in this case was entered in the circuit court December 13, 1898, and contained the usual provisions for the sale of property. The case was appealed to this court, and decree modifying the decree below entered here February 27, 1900. *Gillam* v. *Barnes*, 123 Mich. 119 (82 N. W. 38). The property was sold by the circuit court commissioner April 25, 1900, and he made the indorsement on the deed that it should be operative if the premises were not redeemed within six months from date of sale, under Act No. 200, Pub. Acts 1899.

*Cahill & Wood*, for relator.

*V. H. & H. H. Smith* and *A. F. & F. M. Freeman*, for respondent.

PER CURIAM. The sole question is whether the statute applies to a case where the decree was rendered in the circuit court before that act took effect, and the decree upon appeal was rendered in this court after it took effect. Cases in equity are heard in this court *de novo*, and the appeal suspends all proceedings under the decree below. There was no decree under which a sale could be made until the final decree in this court. The mortgage was given subject to the right of the legislature to change the remedy in foreclosure proceedings. We think the language in *State Sav. Bank of Detroit* v. *Matthews*, 123 Mich. 56 (81 N. W. 919), fully covers this case.

The order of the circuit court denying the writ of *mandamus* will be affirmed.