LACHMAN *v.* OTTAWA CIRCUIT JUDGE.

MORTGAGES—FORECLOSURE—DECREE—REDEMPTION.
　　The rights of the parties in foreclosure proceedings being fixed by the decree, a deed issued upon a sale under a decree entered before the taking effect of Act No. 200, Pub. Acts 1899, giving a six months' right of redemption, should not be indorsed with the redemption clause.

*Mandamus* by Adam Lachman to compel Philip Padgham, circuit judge of Ottawa county, to vacate an order setting aside the action of a circuit court commissioner in indorsing upon a deed on foreclosure sale the redemption clause provided for by Act No. 200, Pub. Acts 1899.    Submitted October 2, 1900.    Writ denied October 31, 1900.

*Jerome E. Turner*, for relator.

*John H. Tatem* (*Myron H. Walker*, of counsel), for respondent.

MOORE, J.    May 24, 1899, George A. Farr filed a bill, on the chancery side of the circuit court for the county of

Ottawa, for the purpose of foreclosing a mortgage. The relator, who was the owner of a subsequent mortgage, was made a party to the bill. In August, 1899, a decree was granted authorizing a sale of the mortgaged premises any time after May 20, 1900. The decree contained the usual provisions of a chancery decree. On August 30th this decree was assigned by Mr. Farr to the relator. The commissioner sold the property under the decree July 24, 1900. Mr. Lachman bid for the land $1,435.65. Mr. Fitzgerald bid $1,500, and the land was sold to him. The commissioner issued a deed to Mr. Fitzgerald, and indorsed thereon, without his knowledge, a statement to the effect that the parties interested could redeem the property at any time within six months after said sale, and the deed was filed with the register of deeds. July 25, 1900, the usual *nisi* order confirming the sale was entered. When Mr. Fitzgerald learned about the indorsement upon the deed, he protested against its being recorded by the register of deeds. Mr. Lachman then caused a petition to be filed in the original case, in which, among other things, it was averred that, when the premises were sold by the commissioner, he supposed he had six months in which to redeem, and, if he had not so supposed, he would have bid the amount of the liens upon the property. He asked to have the sale set aside, and that a decree might be entered in the cause providing for a redemption of the premises according to the provisions of Act No. 200, Pub. Acts 1899. The circuit judge was of the opinion that the rights of all the parties were fixed by the decree, and that the provisions of Act No. 200 do not apply to this case, and denied the prayer of the petitioner. In his answer, filed in this proceeding, the circuit judge returns that upon the hearing before him, in open court, the solicitor for relator waived all claim of relief except that prayed for as follows: "That a decree be entered providing for redemption according to the terms of Act No. 200, Pub. Acts 1899, and for any further or different relief in the premises that shall be according to equity and

good conscience;" and that the specific relief asked for
was an order of court providing for six months' redemp-
tion under said sale, and that the indorsement of the cir-
cuit court commissioner upon the deed be allowed to
stand.

The solicitor for the relator in his brief contends that
the sole question is whether the indorsement made by the
commissioner upon the deed is legal and binding.   He
answers the question affirmatively, because, he urges, it
complies with the law under which he made the sale;
citing *State Sav. Bank of Detroit* v. *Matthews*, 123
Mich. 56 (81 N. W. 918).   The case cited differs from this
one, because in that case the decree was entered after Act
No. 200 took effect, while in this case it was entered before.
It also differs from the case of *Gillam* v. *Foster*, 124
Mich. 685 (83 N. W. 784), for the same reason; that is,
because there was no decree under which sale could be
made until after the act took effect.   These decisions, then,
do not decide this case.   In construing the statute, we
must construe three of the sections together, if we would
arrive at its meaning.   1 Comp. Laws 1897, §§ 516, 522,
523.   The first of these sections provides what the decree
shall contain.   The second of them provides how sales
under such a decree shall be made.   The third section
provides for the form of the deed after the sale is made.
The decree is the basis of the sale, and it should follow the
provisions of the statute in force at the time when the
decree was entered.   See *State Sav. Bank of Detroit*
v. *Matthews, supra*.   The decree made in this case did
follow the statute as it then existed.   The sale provided
for by the statute must be made under the decree which
was made in the case.   Without the decree a sale could
not be made, nor could it be made contrary to the terms
of the decree.   9 Enc. Pl. & Prac. pp. 510–518; 2 Freem.
Ex'ns, § 300.   If the position taken by the relator prevails,
it results in having the terms of the decree changed by
the action of the officer who is charged with the duty of
executing the decree.   It is apparent from a reading of

the act that the amendments provided therein were all intended to take effect at the same time, and that the provisions of section 118 relate only to such decrees as are made by virtue of section 111. The provisions of the amendment to section 118 did not take effect until the amendment to section 111 took effect, and would only apply to cases where the decree was taken after that section was amended.

The application for the writ is denied.

The other Justices concurred.