### FARR v. LACHMAN.

1. FORECLOSURE—ASSIGNMENT OF DECREE—SALE—WAIVER.
   A defendant who, in a petition to the court to set aside a commissioner's sale in foreclosure proceedings, "waived all claim of relief" except that the sale should have been subject to six months' redemption, which relief was denied, cannot afterwards oppose a writ of assistance on the ground that the decree had been assigned, and the assignee neglected to obtain authority from the court to proceed to a sale.

2. CHANCERY SALE—IRREGULARITY—ESTOPPEL.
   An assignee of a foreclosure decree, who, without calling the attention of the court to the assignment, causes the land to be sold, bids at the sale, and receives and retains the proceeds thereof, is estopped from questioning the regularity of the sale.

3. WRIT OF ASSISTANCE—DEFENDANT WITHOUT INTEREST.
   A defendant in a foreclosure suit, whose interest has been cut off by a sheriff's deed, cannot question the validity of a commissioner's sale on an application for a writ of assistance.

Appeal from Ottawa; Padgham, J. Submitted January 29, 1902. (Docket No. 12.) Decided March 18, 1902.

Bill by George A. Farr against Henry Lachman, Adam Lachman, and others to foreclose a mortgage. A decree of foreclosure was rendered, the property sold, and the sale confirmed. From an order granting a writ of assistance on the application of John H. Tatem, defendants Lachman appeal. Affirmed.

*John H. Tatem* ( *Myron H. Walker*, of counsel), *in pro. per.*

*Turner & Turner*, for appellants.

MOORE, J. The record bears out the following statement of facts, taken from the brief of the petitioner for writ of assistance:

On the 19th of August, A. D. 1899, a decree of foreclosure and sale was rendered by the circuit court for the county of Ottawa, in chancery, in the above-entitled cause. In pursuance thereof, said foreclosure sale was advertised by the commissioner in a notice signed by said commissioner, and countersigned by "Turner & Turner, Solicitors," and a sale of said premises was made by said commissioner on the 24th of July, 1900, to Gerald Fitzgerald, for the sum of $1,500, as the highest bidder, and a commissioner's deed given in pursuance thereof; and on July 24, 1900, said commissioner paid to Turner & Turner, solicitors for Adam Lachman and Henry Lachman, and who assumed to act as "complainant's solicitors," the sum of $52.34, taxed costs of suit, and $1,353.26, amount to be due, and took their receipts therefor, and filed his report of such sale with the register of the court. On the 25th day of July, 1900, the usual order of confirmation of said report and sale was entered by the register of said court, he being authorized so to do by George A. Farr, Esq., the complainant and solicitor of record therein. Notice of the entry of said order was served July 28, 1900, among others, upon said Turner & Turner, solicitors for Adam Lachman and Henry Lachman, two of the defendants in said suit, and the only appellants herein, and the same was received by said Turner & Turner on the 28th day of July, 1900; and no order of substitution of said Turner & Turner as solicitors for complainant in the place of said George A. Farr had then or has ever been entered herein.

That upon receipt of the same, and on July 31, 1900, said defendant and appellant Adam Lachman, by his solicitors, Turner & Turner, filed in said circuit court a petition setting up the rendition of said decree; the assignment of the same by said complainant, Farr, to said defendant Adam Lachman; the advertisement and sale of said premises by the commissioner "at the instigation of said Adam Lachman," and the bidding off of the same to said Fitzgerald; the execution of said deed, and the fil-

ing of the commissioner's report of said sale; the notice of entry of order of confirmation, and the receipt of notice thereof; and praying, among other things, to set aside said sale, and that the same be not confirmed, or for the amendment of said decree *nunc pro tunc* to provide for an indorsement upon said commissioner's deed for six months' redemption from said sale; praying also to have said petition "stand as exceptions to the confirmation of said sale aforesaid; that the order sought to be entered confirming said sale was not authorized by the real complainant in this cause, the said Adam Lachman, or his solicitors;" and that said Turner & Turner "be substituted as solicitors of record for the complainant in said cause;" and further praying "that a decree be entered providing for redemption according to the terms of Act No. 200, Pub. Acts 1899."

Said petition was heard before the judge of said court, and Jerome Turner, Esq., one of the solicitors of said Adam and Henry Lachman, appellants, appeared, and "in open court waived all objections to said sale and the prayer of said petition, except the prayer asking that said deed might be made and stand subject to six months' redemption." The prayer of said petition was denied. Afterwards an order to show cause why said petition should not be granted, and the order denying same be set aside, was issued by this court upon petition of said Adam Lachman, and answer was made thereto by said circuit judge, and the writ of *mandamus* prayed for was denied by this court, and said sale held to be absolute and without redemption. See *Lachman* v. *Ottawa Circuit Judge*, 125 Mich. 27 (83 N. W. 1025). It appeared before the circuit court upon the hearing of the said petition, and also in this court in said *mandamus* proceeding upon the face of said petition, that the foreclosure decree was assigned by George A. Farr on the 30th of August, 1899, to Adam Lachman, and that the sale had been made "at the instigation of said Adam Lachman" and his solicitors. This was the first time that the assignment of the decree had been brought to the notice of the court.

On March 27, 1901, Gerald Fitzgerald, purchaser at said foreclosure sale, and his wife, conveyed the premises to the appellee, John H. Tatem. It appears, further, that September 17, 1900, a sheriff's deed of the title of Henry Lachman was made to Grant E. Miller, which deed was based on a judgment in favor of Miller and against Lachman, rendered by the circuit court in said county of Ottawa. Miller deeded to the appellee, J. H. Tatem. Due service of a certified copy of the order confirming said sale, and also of the circuit court commissioner's deed to said Fitzgerald made upon said sale, was had upon said defendant Henry Lachman and one Andrew Lester, who were or claimed to be in possession of the premises, and personal demand for possession thereof made upon each of them, and each of them refused to comply therewith.

Upon the filing of applicant's petition for a writ of assistance in the circuit court, and service of order to show cause issued thereon, the defendants and appellants, Henry Lachman and Adam Lachman, filed an answer and cross-petition thereto by Turner & Turner, their solicitors. In effect, said answer admitted all of the allegations of said petition, and the foregoing facts, except that it is therein claimed that the foreclosure sale of said premises made by said commissioner "was a mere sham, was not regular, and was void," and that the order entered confirming the report and sale of said commissioner "was merely a sham, and not of any binding force whatever, and was entered without the authority of Adam Lachman or his solicitors," and it "denies that said sale now stands in all respects confirmed and absolute for the reasons hereinafter set forth." Said Henry Lachman further denied that his right, title, and interest to said premises, and his right of possession, were extinguished by said foreclosure sale and deed. The defendants joined to said answer a cross-petition setting up, in substance, that on April 29, 1897, said defendant Henry Lachman was the owner in fee of the said premises, and then executed a mortgage to said Farr thereon, to foreclose which said Farr filed a bill

in said court on May 24, 1899, and on August 19, 1899, a decree of foreclosure was rendered thereon, and that on the 30th of August, 1899, said decree was duly assigned in writing, for a valuable consideration, by said Farr to said Adam Lachman, "who was a nominal defendant in said cause by reason of other mortgages that he held upon the same land and property;" "that by reason of said assignment, under and by virtue of Rule 34 of the Chancery Rules of this court, said petitioner Adam Lachman became transferee or assignee of said foreclosure decree, and could not proceed to a sale of the mortgaged premises without presenting a petition to the court setting forth the assignment, and asking for a sale under the decree as transferee or assignee, for, under the rules of the court and the decisions in this State, a sale made without such a petition would be absolutely void." It further avers that some time in the month of June, 1900, the said petitioner Adam Lachman, by his solicitors, Turner & Turner, directed the circuit court commissioner "to publish, advertise, and sell this said land by virtue of the terms of said decree," and sets forth that said sale was made to said Fitzgerald and commissioner's deed executed as aforesaid. Said Henry Lachman alleges that said sale and deed were void for the reasons aforesaid. Said cross-petition further recites the entry of said order of confirmation by consent of said Farr, but "without the order or consent" of the solicitors of said Adam Lachman, "the real complainant," and that said order was not legal, and that afterwards said Adam Lachman petitioned said court for the setting aside of said sale. It avers that said Adam Lachman is ready and willing to pay said Fitzgerald the money received upon said sale, and prays that "said order confirming said sale be set aside," and that said Adam Lachman be substituted "as transferee and complainant in said cause," and for general relief. No actual payment or tender of money received for the said foreclosure sale has ever been made into court or otherwise.

The applicant objected to the entertainment of said cross-petition, and moved to dismiss the same. A hearing was had upon said motion, and some proofs taken thereon. Thereupon the court dismissed the cross-petition, and, after a full hearing upon the petition of said applicant, the court ordered said writ of assistance to be issued by the clerk of said court in behalf of said applicant, John H. Tatem. Said writ was issued accordingly.

Counsel for appellants make two claims:

"1. That the order entered in this cause confirming the sale made was void, for the reason that it was entered without any authority from the real complainant or assignee or his solicitors.

"2. That the circuit judge erred in not allowing us to introduce proof under our cross-petition, filed at the time this petition was heard, and in not setting aside said sale for the reasons therein given."

There are several reasons why the action of the circuit judge should be sustained:

*First.* Because after Mr. Fitzgerald purchased the land, upon a hearing in which Mr. Lachman asked to have the sale set aside, the solicitor for Mr. Lachman, with full knowledge of how the sale had been made, in open court—

"Waived all claim of relief except that prayed for as follows: 'That a decree be entered providing for redemption according to the terms of Act No. 200, Pub. Acts 1899, and for any further or different relief in the premises that shall be according to equity and good conscience;' and the specific relief asked for was an order of court providing for six months' redemption under said sale, and that the indorsement of the circuit court commissioner upon the deed be allowed to stand."

This court held the claim could not be sustained. *Lachman* v. *Ottawa Circuit Judge,* 125 Mich. 27 ( 83 N. W. 1025 ). Mr. Tatem is the grantee of Mr. Fitzgerald, and the case is *res adjudicata.*

*Second.* After a decree was obtained by Mr. Farr, it was assigned by him to Mr. Lachman, and, without call-

ing the attention of the court to this assignment, Mr. Lachman caused the land to be sold under the decree, the same as though no assignment had been made. No notice was given to the bidders at the sale of any irregularity, and Mr. Lachman was himself a bidder. In *Bigelow* v. *Booth*, 39 Mich. 622, it is said:

"Whatever the effect of the assignment of the note and mortgage by the mortgagee and complainant, after he had commenced proceedings for the foreclosure of his mortgage, might have been if brought to the attention of the court, it is sufficient to say that until known they could have no effect whatever. Although known to the parties, yet the assignment did not appear of record, and was not brought to the knowledge of the court. The case proceeded regularly to a decree, sale, and confirmation of the same, and the effect of such assignment is sought to be used in this case for the first time. It cannot be so used. The decree made and sale thereunder were valid, and cannot thus collaterally be attacked. Were it otherwise, rights acquired by parties under judicial sales could never be safe from attack."

Mr. Adam Lachman not only allowed the sale to proceed, but he received and retained the proceeds of the sale, and still has them. For these reasons he is estopped from questioning the regularity of the sale. *Wilber* v. *Goodrich*, 34 Mich. 84, and the many cases cited in the note; 2 Herm. Estop. §§ 1059–1069, 1189–1191, 1194, 1199.

Mr. Henry Lachman's interest in the property was cut off by the sheriff's deed.

The case is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.