ARBONA BROTHERS, PLAINTIFFS AND APPELLEES, *v.* H. C. CHRISTIANSON & COMPANY, DEFENDANTS AND APPELLEES (CADIERNO ET AL., SURETIES AND APPELLANTS).

APPEAL from the District Court of Ponce in an Action for the Rescission of a Contract and Damages.

No. 1732.—Decided April 15, 1918.

ATTACHMENT — SURETY — FINAL JUDGMENT — EXECUTION. — A cause of action against a surety does not arise and cannot be exercised until after the judgment against the debtor has become final and the writ of execution has been

returned unsatisfied. Then, and not before, an action can be brought on the bond against the surety to recover on his subsidiary liability.

ID.—ID.—PROCEDURE.—Act No. 27 of April 13, 1916, refers to procedure and in no way changes the terms of a surety bond executed prior to its enactment. It only affects the procedure to be followed for the execution of the judgment.

PROCEDURE—CONSTRUCTION.—A statute designed to change the rules of procedure, the change affecting the manner of exercising a right and not the right itself, should be construed as applicable to causes of action which arose before as well as those which arose after the enactment of the statute, and it has been held generally that such a statute is applicable also to actions which were pending at the date of the enactment of the statute in the absence of a clause therein to the contrary.

ID.—REMEDY—CONTRACT.—The principle is generally established that the subtraction, substitution or addition of any condition from, for or to the remedy existing in favor of a creditor does not impair the obligation contained in the contract.

ID.—CONSTITUTION—DUE PROCESS OF LAW.—The clause of the Federal Constitution referring to due process of law does not govern mere forms of procedure when the fundamental requirements of notice and an opportunity to be heard are complied with.

ID.—SUMMONS—IRREGULARITY—MOTION—APPEAL.—The omission of the name of the plaintiff's attorney in the summons is a mere irregularity which may be corrected by a motion to that effect, but this motion cannot be made for the first time on appeal.

The facts are stated in the opinion.

*Mr. O. B. Frazer* for the appellant sureties.

*Mr. José Tous Soto* for the plaintiff appellees.

*Messrs. Rounds, Hatch, Dillingham & Debevoise* for the defendant appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal in an action to recover on a surety bond.

On September 22, 1914, the firm of Arbona Brothers brought an action against H. C. Christianson & Company in the District Court of Ponce praying for judgment rescinding a contract for the purchase and sale of 500 sacks of refined sugar existing between the said parties and adjudging that the defendants pay the sum of one thousand dollars as damages for non-performance of the said contract, together with the costs, disbursements and attorney fees.

On the same date the plaintiffs moved for an attachment against property of the defendants to secure the effectiveness of the judgment and the motion was sustained, the plaintiffs being required to furnish security in the sum of two thousand dollars to cover the sum of one thousand dollars sued for and two hundred dollars to cover the costs and attorney fees.

The attachment was levied on 184 sacks of refined sugar and on motion of the defendants the attachment was dissolved after Segundo Cadierno and Manuel Gómez, merchants of San Juan, gave security on October 1, 1914, in the sum of one thousand two hundred dollars.

The default of the defendants having been entered on January 5, 1915, judgment was rendered against them on January 30, 1915, adjudging that H. C. Christianson & Company pay one thousand dollars to the plaintiffs as damages caused by their breach of the contract, together with the costs, disbursements and attorney fees.

On May 19, 1915, the Ponce court overruled a motion of the defendants to open the default, set aside the judgment and cancel the security bond on the ground that the court had no jurisdiction over the defendants, which ruling was affirmed on appeal to this court on January 28, 1916. 23 P. R. R. 464.

Later the defendants filed another motion in the Ponce court to set aside the default judgment, alleging that the appearance made in their names in the motion to substitute a security bond for the attachment was not made by an authorized attorney, and that motion having been overruled by a ruling of May 19, 1916, an appeal was taken therefrom and dismissed by this court on March 16, 1917. 25 P. R. R. 16.

On July 8, 1916, the plaintiffs moved the Ponce court for a writ of execution against defendants H. C. Christianson & Company and against their sureties in case sufficient property of the said firm could not be found to satisfy the judgment. The appellants in the present case, Cadierno and

Gómez, state in their brief that the execution was not levied because an appeal was pending in the Supreme Court, and that at that time no action was taken against the sureties.

Arbona Brothers filed another motion similar to that of July 8, 1916, for the reason that the appeal taken by the defendants from the order of said court of May 19, 1916, had been dismissed by the Supreme Court, and thereupon the Ponce court, on April 9, 1917, ordered that "a writ of execution issue to satisfy the amount of the judgment and the costs out of property of the defendants, and that in case sufficient property of the defendants was not found to satisfy the judgment, with interest and costs, the execution should be levied on property of the sureties for a sum not to exceed twelve hundred dollars, the amount of the bond."

The writ of execution was issued, as ordered, to the marshal of the District Court of San Juan on April 25, 1917, but that part of the writ relating to the sureties was not executed because a request to that effect was made to the marshal by the attorneys for Arbona Brothers for the purpose of adjusting the proceeding strictly to the provisions of Act No. 27 of April 13, 1916, and to the provisions complementary thereto contained in sections 307 to 312, inclusive, of the Code of Civil Procedure, as stated by the plaintiffs in their motion of May 26, 1917, wherein, after further stating that the judgment had not been satisfied in whole or in part, which was shown by an affidavit of the attorney, they prayed that in accordance with the statutes cited a summons issue to sureties Segundo Cadierno and Manuel Gómez reciting the judgment and requiring the said sureties to show cause, if any they had, within the time fixed therefor, according to where the summons might be served, why they were not bound by the judgment against H. C. Christianson & Company. The court sustained the motion by an order of May 28, 1917. The summons was served on the sureties and their default having been entered on June 22, 1917, for having failed to appear within the time allowed after such service,

judgment was entered against them on motion of the plaintiffs on June 23, 1917, "adjudging that they pay jointly and severally to the plaintiff firm of Arbona Brothers the sum of twelve hundred dollars, the amount of their bond, to enforce which a writ of execution should issue to the marshal in due course."

An appeal has been taken to this court by the attorneys for Segundo · Cadierno and Manuel Gómez from the said judgment.

The appellants allege the following grounds for their appeal:

1. That the judgment rendered against the sureties is defective because the Act of April 13, 1916, is not applicable to the case and does not justify the said judgment.

2. That the judgment appealed from violates the Seventh Amendment to the Constitution of the United States.

3. That the judgment appealed from violates the provisions of the Constitution of the United States that no person shall be deprived of his property without due process of law, and the prohibition against the impairment of contracts; and also infringes article 2 of our Organic Act of March 2, 1917.

4. That the judgment appealed from is defective because a writ of execution was not issued against the defendants prior to the issuance of the summons against the sureties.

5. That the judgment appealed from does not conform to the provisions of the Act of April 13, 1916.

6. That the judgment appealed from is defective because the summons on which it is based does not conform to law.

In support of the first ground of appeal the appellants allege that as the bond was given on October 1, 1914, and the act on which the judgment is based was approved on April 13, 1916, the said act cannot govern the case unless it is given retroactive effect contrary to section 3 of the Civil Code.

We are of the opinion that Act No. 27 of April 13, 1916, controls the case without being given retroactive effect.

The said act, which amended the Act to secure the effectiveness of judgments, approved March 1, 1902, and amended by the Act of March 12, 1903, provides in section 2 that section 16 of the said act (sec. 5248 of the Compilation) is thereby repealed and the following substituted therefor:

"After final judgment has been pronounced in favor of a litigant who has obtained a warrant of attachment to secure the effectiveness of said judgment, if said warrant of attachment shall have been suspended or rendered ineffective by virtue of a bond or deposit, the forfeiture of the bond in favor of the aforesaid litigant shall be decreed, and an order of execution against the party sentenced by judgment shall be issued. If the order of execution is returned unexecuted in whole or in part, a new order of execution shall be issued against the bondsmen for the unsatisfied remainder, the procedure established in sections 307 and 312, inclusive, of the Code of Civil Procedure, to be followed against said bondsmen."

Section 3 provides that said Act No. 27 shall take effect immediately after its approval and, as stated, it was approved on April 13, 1916.

The bond given by Segundo Cadierno and Manuel Gómez on October 1, 1914, in so far as pertinent, reads:

"Therefore we, Segundo Cadierno and Manuel Gómez, bind ourselves, our heirs, successors or administrators, to pay to plaintiffs, Arbona Brothers, the sum of twelve hundred dollars, or any other less sum. We freely undertake the foregoing obligation to secure to the plaintiffs the effectiveness of such judgment as may be rendered in the present action, provided that the court decide the same in their favor; it being understood that in case judgment should be rendered for the defendants this bond shall be null and void."

Although the right of Arbona Brothers against the sureties originated in the bond given on October 1, 1914, it was not actually created and could not be asserted until the writ of execution issued against the debtor was returned unsatisfied after the judgment rendered in the action had become final. Then and not before could an action on the bond be

brought against the sureties to recover on their subsidiary liability. That is the language of the statute and we must be governed thereby. The judgment was rendered on January 30, 1915, and although it was not appealed from, appeals were taken from decisions of the District Court of Ponce of May 19, 1915, and May 19, 1916, in which the question of the nullity of said judgment was involved, and these appeals stayed execution of the said judgment until they had been disposed of, the last appeal having been decided on March 16, 1917, when the Act of April 13, 1916, was in force. Until the date of the decision of this last appeal by the Supreme Court it could not be said that the judgment of January 30, 1915, was final and executionable, therefore the law applicable to the case was that in force on March 16, 1917, or Act No. 27 of April 13, 1916.

The fact that the security bond was given on October 1, 1914, on which date judgment could not have been rendered against the sureties except in a formal action against them in which they were entitled to set up all of the defenses available to the defendant or principal debtor, including the right to a trial in the district of their residence, or San Juan, the right to a trial by jury and the lack of jurisdiction over the person of the principal defendant, as alleged by the attorney for the appellants, is no argument against the applicability of Act No. 27 of April 13, 1916, to the case, even supposing that such allegations were admissible. As shown on its face, that act is adjective or procedural in character and nowise changes the terms of the security contract executed on October 1, 1914. It only affects the procedure to be followed for the execution of the judgment.

An act designed to change the manner of conducting judicial proceedings, when the change affects the method of exercising a right and not the right itself, must be construed as applicable to causes of action which accrued before as well as to those which accrued after the passage of the act, and it has been held generally that such an act is applicable

also to actions which were pending at the time of the approval of the act in the absence of a provision to the contrary.   Sec. 26, Am. & Eng. Ency. of Law, 695, and cases cited.

We repeat that Act No. 27 of April 13, 1916, affects the manner of asserting a right against sureties and not the right itself.   The said act contains no saving clause and by section 3 it took effect on the date of its approval.

For the foregoing reasons, the said act being applicable to the case under whatever aspect considered, we are forced to the conclusion for the same reasons that assignments Nos. 2 and 3, on which the appeal is based, are without good foundation.

The Act of April 13, 1916, as we have said before, does not affect any substantial right of the sureties nor void the security contract, for the principle is generally accepted that the omission, substitution, or addition of any provision from, for, or to the remedy existing in favor of a creditor does not impair the obligation contained in the contract.   *Bronson* v. *Kinzie et al.,* 1 How. 310; *Tennessee* v. *Sneed,* 96 U. S. 69, 74; *City & Lake R. R. Co.* v. *New Orleans,* 157 U. S. 219; *State Savings Bank* v. *Matthews,* 123 Mich. 56; 6 R. C. L. 356 *et seq.;* 6 *id.* 294, 305, 309.

By virtue of the said act the sureties have had their day in court and an opportunity to be heard and to plead, therefore they cannot complain that they have not had due process of law.   The clause of the Federal Constitution regarding due process of law does not control mere forms of procedure when the fundamental requirements of notice and an opportunity to defend have been complied with.   *Louisville & Nashville R. R. Co.* v. *Schmidt,* 177 U. S. 230; *Torres* v. *Lothrop, Luce & Co.,* 231 U. S. 171.

The Act of April 13, 1916, has been duly complied with and the contentions of the appellants in arguing the fourth

and fifth grounds of appeal, that execution was not issued against H. C. Christianson & Company before the summons issued against the sureties and that the forfeiture of the bond was not adjudged, are inadmissible.

It is true, referring to the fourth ground of appeal, that the first writ of execution, or that of April 25, 1917, was issued jointly against H. C. Christianson & Company and the sureties and was in fact void as to the sureties; but it was not void as to the debtors and being valid as to them it was proper to issue a writ of execution against the sureties upon the first writ's being returned unsatisfied because the debtors had no property, in accordance with the provisions of the Code of Civil Procedure which the Act of April 13, 1916, makes applicable to the case.

As to the fifth ground of appeal, the fact that the bond was adjudged forfeited is clearly shown by the judgment rendered against the sureties on June 23, 1917, requiring them to pay the amount of the bond after the writ of execution against the judgment debtor had been returned unsatisfied. The law was substantially complied with and it is immaterial that the forfeiture of the bond was not expressly adjudged.

As to the sixth ground of appeal, it is true that Cadierno and Gómez agreed to pay to Arbona Brothers only twelve hundred dollars, or any less sum, in order to secure to the plaintiffs the effectiveness of the judgment which might be rendered in the action in their favor, and that they were warned in the summons that if they should fail to appear in due time to plead, judgment would be rendered against them for one thousand dollars as principal and two hundred and twenty-one dollars and eighty-two cents as costs, disbursements and attorney fees, making a total of twelve hundred and twenty-one dollars and eighty-two cents, which is more than the amount of the bond, but the summons itself con-

tained the expression, "up to the secured sum of twelve hundred dollars," therefore it cannot be held that they were cautioned of a demand for a greater amount than they were bound to pay under the bond.

The failure to endorse the name of the attorney for the plaintiffs on the summons, which is complained of by the appellants, is a mere irregularity and the sureties could have appeared before the court and moved to correct that defect, but they cannot raise the objection for the first time on appeal. *Serrano* v. *Berdiel et al.*, 22 P. R. R. 416.

In view of the opinion we have formed of the case it is superfluous to consider and decide whether the provisions of the Code of Civil Procedure referred to in the Act of April 13, 1916, would have been applicable also to a case like the present before the passage of the said act, a question which has been raised by the appellees.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

Mr. Justice Aldrey took no part in the decision of this case.

### CONCURRING OPINION OF MR. JUSTICE WOLF.

There was some doubt in my mind whether the Legislature intended this law under discussion to be applied to judgments rendered previous to its passage. But a careful reading convinces me that the legislative mind was directed to the effectiveness of any judgment, rendered or unrendered, rather than to future or pending actions alone. In the first section of the Act of April 13, 1916, the "petition" may be made after judgment and there is no reason in limiting an attachment merely to claims that are to be adjudicated. In other words, there is a universal mention of judgments and no reason is shown for excluding any. This con-

ception is strengthened inasmuch as the Spanish text of section 2 of the law says *firme* instead of "final," indicating thus a judgment that might be final, but not executionable as in this case.

This much being premised, I have no doubt of the legislative power to make the remedy apply to judgments rendered under the familiar principle that, if another provision is left or substituted or added to an existing creditor's remedy, the obligation of the contract is not impaired, and I agree with the citation of authorities made by the court in the consideration of which I co-operated.

Moreover, the record shows that the appellants appeared in court, not to protest against the jurisdiction of the court over them, but to deny jurisdiction over the principal defendant. The appellants, in response to the summons issued in this case, had an opportunity to raise their special defense before, and did not. Some of the reasoning of the court in *Louisville & Nashville R. R. Co.* v. *Schmidt,* 177 U. S. 230, is applicable after once a party has appeared and not made such special defense. See also *Pease* v. *Rathbun-Jones Eng. Co.,* 243 U. S. 280.

Because some of my reasoning differed from that of the court, I have set it forth in a concurring opinion.